RECEIVED
IN LAKE CHARLES, LA
MAR 2 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20084-015 |
| VS. | : | JUDGE MINALDI |
| ARNOLD CARDONA | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant's first objection addresses the quantities of drugs. ¶24 of the PSR attributes at least 622 kilograms of cocaine to the defendant. The defendant submits that the correct quantity is over 50 but less than 150 kilograms of cocaine as reflected in the Stipulated Factual Basis. The Probation Department responds that the 622 kilograms used is a conservative estimate of relevant conduct. The Stipulated Factual Basis indicates that the defendant conspired to distribute over 50 kilograms of cocaine and over 1,000 kilograms of marijuana, but sets no maximum. Since *United States v. Booker*, 543 U.S. , 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) does not abolish relevant conduct under the now advisory Guidelines, an evidentiary hearing will be held to determine the quantity of drugs involved.

The defendant objects to the assessment of two criminal history points for the offense listed in ¶39. The charged conspiracy is lengthy. The date of the prior sentence is March 1, 1994. The defendant asserts that there is no factual corroboration to establish the dates of the drug distributions

in the case at bar. He alleges that many of the dates alleged in debriefing statements are inaccurate and the correct dates can be corroborated to have occurred after March 1, 2004.

USSG § 4A1.2 sets forth the applicable time period for assigning criminal history points. This section provides that any sentence of less than one year and one month is counted if it was imposed within ten years of the defendant's commencement of the instant offense. This includes relevant conduct. There are at least two codefendants, Pedro Ramos and Lance Olivier, that place Cardona's relevant conduct within the ten year period.

The Presentence Report ("PSR") generally bears sufficient indicia of reliability to be considered as evidence by the court in resolving factual disputes. *U.S. v. Valencia*, 44 F.3d 269 (5th Cir.(La.) Jan 26, 1995)(No. 94-40063); *See United States v. Slaughter,* 238 F.3d 580, 585 (5th Cir.2000) ("For sentencing purposes, the district court may consider any relevant evidence, including uncorroborated hearsay statements, if the information has a 'sufficient indicia of reliability to support its probable accuracy.' "); *U.S. v. Rangel,* 149 Fed.Appx. 254, 257 (C.A.5 (Tex.),2005). It is proper for the district court to rely upon the PSR's construction of evidence to resolve a factual dispute, rather than relying on the defendant's version of the facts. *U.S. v. Montoya-Ortiz*, 7 F.3d 1171 (5th Cir.(Tex.) Nov.12, 1993)(No. 92-8204), citing *U.S. v. Robins*, 978 F.2d 881, 889 (5th Cir. (Tex.) Nov. 20, 1992)(No. 91-1850). The burden is on the defendant to present evidence to refute the facts stated in the PSR. The defendant seeks to exclude statements against him, and he has indicated that the correct dates can be corroborated. He will have the opportunity to do so at sentencing.

The defendants objects to the calculation of his offense level based upon his dispute of relevant conduct and upon his criminal history score based upon the two points assessed in ¶ 39. This objection is dependent upon the court's ruling in the prior two objections.

2

The defendant argues that he is qualified for the safety valve because of his lack of criminal history. Again, this objection hinges on the court's ruling on ¶39. If the court finds after an evidentiary hearing that the two criminal history points were improperly assessed, the defendant would be eligible for the safety valve and would not be subject to the minimum statutory sentence.

Lastly, the defendant argues that he should be given credit for time served back to April 25, 2005, when he was arrested on an indictment in the Southern District of Florida. That indictment and the present indictment are related, therefore the defendant is correct and he should receive credit for time served from April 25, 2005.

Lake Charles, Louisiana, this 22 day of March, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

moot by stipulation 3/22/07